**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CAPITOL BUSINESS SOLUTIONS,
LLC,**

    **Plaintiff,**

    v.                                    **Case No. 08-2027-JWL**

**KONICA MINOLTA BUSINESS
SOLUTIONS USA, INC. and
BANK OF OKLAHOMA, N.A.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

This lawsuit arises from a dispute over the administration of business equipment leases and service agreements. Plaintiff Capitol Business Solutions, LLC provided financing and Konica Minolta Business Solutions USA, Inc. provided the machines and serviced the leases, including collecting the rent payments. Capitol Business alleges that Konica Minolta failed to collect and remit payments owed to Capitol Business. Capitol Business asserts state common law claims against Konica Minolta for accounting, breach of fiduciary duty, breach of contract, tortious interference with business relations, fraud, and negligence.[1] This matter comes before the court on Konica Minolta's motion to dismiss (doc. 29) Capitol Business's fraud and negligence claims. For the reasons explained below, this motion is granted in part

---

[1] Capitol Solutions' amended complaint (doc. 21) also asserts a separate claim against defendant Bank of Oklahoma, N.A., but that claim is not currently at issue.

and denied in part with respect to the fraud claim, and it is granted with respect to the negligence claim.

## BACKGROUND

According to the allegations in Capitol Business's amended complaint,[2] this lawsuit arises from a financing arrangement between Capitol Business and Konica Minolta. Capitol Business is in the business of providing financing for and leasing office equipment and other machinery. Konica Minolta is in the business of distributing copiers for sale to businesses. Capitol Business provided financing for and leased certain copiers to customers serviced by Konica Minolta. By agreement, Konica Minolta was to bill and collect lease payments and other fees due to Capitol Business from these customers. Konica Minolta has failed to remit these payments to Capitol Business in a timely manner, Konica Minolta has failed to make timely and diligent efforts to collect these payments, and Konica Minolta has failed to accurately account for payments collected on behalf of Capitol Business. As a result, Capitol Business's relationship with its financial institutions and customers has become strained and endangered, it has incurred interest costs and other expenses it would not otherwise have incurred, it has lost a banking relationship, its business expectancies have been destroyed, and it has lost value in the collateral. Based on these general allegations, Capitol Business

---

[2] Consistent with the well established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true all well pleaded factual allegations in Capitol Solutions' amended complaint.

asserts claims against Konica Minolta for (Count I) accounting, (II) breach of fiduciary duty, (III) breach of contract, (IV) tortious interference with business relations, (V) fraud, and (VI) negligence.

Konica Minolta moves the court to dismiss the fraud and negligence claims, and the court turns first to the allegations set forth in the fraud claim. In that claim, Capitol Business alleges that Konica Minolta contractually agreed and made material misrepresentations that it would collect and remit amounts due to Capitol Business from Konica Minolta's customers and that it would provide a true and accurate accounting of these collections, remittances, and other information material to Capitol Business's business. Konica Minolta knew that its representations were false and that it did not intend to collect, remit, and account for payments due to Capitol Business. Konica Minolta also misrepresented the amount due Capitol Business, as well as customers' balances due Capitol Business, without a sufficient factual basis or in an intentional attempt to defraud Capitol Business. The amended complaint further alleges that Konica Minolta entered into an oral contract with Capitol Business and agreed to collect, remit, and account for payments to Capitol Business with the intent that Capitol Business would rely to its detriment on that contract and Konica Minolta's representation that it would follow through on its agreement to collect, remit, and account for the payments. Capitol Business alleges that it actually and reasonably relied on Konica Minolta's misrepresentations, and that Capitol Business sustained damages when Konica Minolta failed to honor its contract to collect, remit, and account for payments owed to Capitol Business.

The amended complaint lists three allegedly untrue statements made by Konica Minolta employees in May, July, and August of 2007 to the effect that Konica Minolta had remitted all monies owed to Capitol Business. Capitol Business alleges that, in fact, there were and still are substantial amounts of money that had been paid by customers to Konica Minolta that had not been remitted to Capitol Business. Capitol Business relied on these statements (reasonably and to its detriment) as true. The bank then declared Capitol Business's leases delinquent, which reduced Capitol Business's borrowing base, which in turn put Capitol Business's loan in default, thus resulting in the loss of a banking relationship and an increase in interest rate on the floor planning loans.

In the negligence claim, Capitol Business alleges that Konica Minolta had a duty to collect, remit and account for payments due to Capitol Business from its customers. The amended complaint alleges that Konica Minolta failed to do this, and that Konica Minolta failed to exercise ordinary care. As a direct and proximate result of this negligence, Capitol Business suffered lost payments, fees, interest, business expectancies, profits, and its banking relationship.

## MOTION TO DISMISS STANDARD

The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed

factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 127 S. Ct. at 1964-65. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965 (citations omitted). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION

For the reasons explained below, Capitol Business's fraud claim is dismissed in part. Capitol Business did not plead one aspect of that claim (the so-called "fraudulent inducement" allegations) with the degree of particularity required by the Federal Rules of Civil Procedure. The allegations for the remaining aspect of the fraud claim (the so-called "performance fraud" allegations) are sufficient to state a claim because Capitol Business is entitled to seek relief in the alternative. The negligence claim is dismissed because it is based on the failure of performance of a duty arising or imposed by agreement, not a duty imposed by law, and therefore Capitol Business has not stated an actionable negligence claim.

**I.     Fraud Claim**

Konica Minolta accurately characterizes the allegations in the amended complaint as alleging essentially two different types of fraudulent statements. First, the complaint alleges in general terms that Konica Minolta entered into both oral and written contracts with Capitol Business with no intention of honoring those agreements. Konica Minolta refers to these allegations as the "fraudulent inducement" allegations. In the second set of allegations, the complaint alleges that Konica Minolta knowingly made false statements to Capitol Business with respect to amounts due under those contracts, which Konica Minolta refers to as the "performance fraud" claims. Konica Minolta asserts separate arguments as to each set of allegations.

*A.     Fraudulent Inducement Allegations*

Konica Minolta moves the court to dismiss Capitol Business's fraud claim – insofar as Konica Minolta characterizes that claim as being based on fraudulent inducement allegations – on the ground that Capitol Business has failed to plead those allegations with the degree of particularity required by Federal Rule of Civil Procedure 9(b). This rule requires that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). This requirement must be read in conjunction with Rule 8's requirement that pleadings be simple, concise, and direct. *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). Rule 9(b)'s purpose is to give the defendant fair notice of the plaintiff's claims and the factual grounds upon which they are based. *Id.* (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d

6

982, 987 (10th Cir. 1992)). Thus, a complaint alleging fraud must "'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)); *accord Schwartz*, 124 F.3d at 1252. "In other words, the plaintiff must set out the 'who, what, where, and when' of the alleged fraud." *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001) (citations omitted).

Capitol Business's fraudulent inducement allegations fall short of this standard. The contents of the alleged misrepresentation (the "what") is that Konica Minolta would collect and remit amounts due to Capitol Business from Konica Minolta's customers and Konica Minolta would provide a true and accurate account of these collections, remittances, and other information material to Capitol Business's business. Capitol Business does not, however, allege "who" made these misrepresentations. Simply stating that Konica Minolta generally, which is a corporate entity, made these misrepresentations is insufficient. Capitol Business must identify the particular individual or individuals who made the misrepresentations. *See MasTec N. Am., Inc. v. Allegiance Commc'ns, LLC*, Case No. 06-2296-JWL, 2006 WL 3350712, at *2 (D. Kan. Nov. 17, 2006); *Plastic Packaging Corp.*, 136 F. Supp. 2d at 1204. Additionally, the allegations in the complaint do not refer to specific dates or locations where the misrepresentations occurred, as required by the Tenth Circuit. *See Koch*, 203 F.3d at 1236-37 (finding a complaint alleging that misrepresentations were made during a multi-year timespan and failing to mention at all the location where the

misrepresentations were made was insufficient to satisfy Rule 9(b)). In the absence of the required particularity in pleading this fraud theory, then, this aspect of Capitol Business's fraud claim must be dismissed because Capitol Business has not pleaded its fraudulent inducement allegations with the degree of particularity required by Rule 9(b).

### B. *Performance Fraud Allegations*

Konica Minolta next argues that the remainder of Capitol Business's fraud claim – those allegations characterized by Konica Minolta as the "performance fraud" allegations – is insufficient to state a claim because the conduct underlying those allegations is indistinguishable from the conduct underlying Konica's contractual claims. Konica Minolta relies on the well established principle that to maintain a fraud claim under Kansas law, the basis of the claim must be different from the conduct upon which a breach of contract claim is based. *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 675 (10th Cir. 2007) (citing and applying Kansas law). Furthermore, the fraud must have resulted in damages greater than those caused by the breach of contract alone. *Id.* (same). In this case, this aspect of Capitol Solutions' fraud claim is potentially subject to dismissal under these principles because the performance fraud allegations are indistinguishable from a claim that Konica Minolta breached the parties' contract by failing to uphold its contractual obligation to provide Capitol Business with an accurate accounting of all monies collected on behalf of Capitol Business. This claim seems to be based on examples of occasions in which Konica Minolta is alleged to have breached this contractual duty of accounting. Additionally, Capitol Business seeks damages on this claim that are essentially the same as those sought for Konica

Minolta's alleged breach of contract. *Compare* Am. Compl. (doc. 21) ¶ 37, at 5, *with id.* ¶ 53, at 7. Consequently, it very well may be that the thrust of this claim is appropriate only for contractual remedies, not fraud. *See, e.g.*, *Wade*, 483 F.3d at 675-76 (affirming district court's grant of summary judgment where fraud claim was an impermissible attempt to recharacterize a breach of contract claim).

Nevertheless, Capitol Business argues that it should be allowed to plead alternative theories of fraud and breach of contract because there may be no enforceable written agreement between the parties that specifically addresses the issue of collection, payment, and remittance. Allowing for this possibility, Capitol Business is correct that it is entitled to plead an alternative claim for relief sounding in fraud. *See* Fed. R. Civ. P. 8(a) & (e)(2). The cases relied on by Konica Minolta are not inconsistent. It is true that in *LaCrosse Furniture Co., Ltd. v. Shoda Iron Works Co., Ltd.*, Case No. 06-2505-JTM, 2007 WL 4463572, at *2 (D. Kan. Dec. 17, 2007), another judge in this district granted a motion to dismiss a fraud claim where the fraud claim did little more than reiterate a breach of contract claim. Similarly, in *VinStickers, LLC v. Millernet Corp.*, Case No. 07-2031-JWL, 2008 WL 360578, at *3 (D. Kan. Feb. 8, 2008), the court granted a motion to dismiss one aspect of a fraud claim because its basis was indistinguishable from a breach of contract claim. The instant case is distinguishable from *LaCrosse* and *VinStickers* because in those cases there was no suggestion that the relevant contractual obligation did not exist whereas, here, the plaintiff has explained that it is pleading in the alternative because there may not be a contract between the parties that governs the allegedly untrue statements. In sum, it is at

least plausible that Capitol Business does not have a breach of contract claim against Konica Minolta for misrepresenting that amounts were not due and owing when, in fact, they were. And, it is also plausible that the damages sought for these alleged misrepresentations, which ultimately resulted in the bank declaring Capitol Business's loans to be in default, are greater than those caused by the breach of contract alone. Because Capitol Business is entitled to seek relief in the alternative, then, Konica Minolta's motion to dismiss this aspect of the fraud claim is denied.

## II.     Negligence Claim

Last, Konica Minolta moves the court to dismiss the negligence claim on the basis that Capitol Business has not alleged that Konica Minolta breached any legal duties other than those established by the parties' contract. Under Kansas law, the difference between a tort and contract action is that a breach of contract is a failure of performance of a duty arising or imposed by agreement, whereas a tort is a violation of a duty imposed by law. *Tamarac Dev. Co. v. Delamater, Freund & Assocs., P.A.*, 234 Kan. 618, 619-20, 675 P.2d 361, 363 (1984); *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, 645, 666 P.2d 192, 201 (1983); *Guarantee Abstract & Title Co. v. Interstate Fire & Cas. Co.*, 232 Kan. 76, 78, 652 P.2d 665, 667 (1982). In this case, the duties that Capitol Business alleges Konica Minolta breached are duties imposed by contract, not duties imposed by law. Capitol Business alleges that Konica Minolta "had a duty to collect, remit, and account for payments due Plaintiff from Plaintiff's customers." Am. Compl. (doc. 21) ¶ 62, at 8. The most obvious source of any such duty is the alleged contract between the parties.

Capitol Business has not directed the court's attention to any legal duty independent of the parties' contractual relationship that would support tort liability for negligence. Capitol Business relies on the principle that the law imposes an obligation upon one who attempts to do something for another to exercise some degree of care and skill in the performance of that undertaking. *See generally* Restatement (Second) of Torts § 323 (1965). That principle, however, only gives rise to liability for "**physical harm** resulting from . . . failure to exercise reasonable care" in performing the undertaking. *See id.* (emphasis added); *see generally, e.g.*, *Sall v. T's, Inc.*, 281 Kan. 1355, 136 P.3d 471 (2006) (golf course owed duty of care to protect golfers from harm caused by lightning strikes where golf course undertook to monitor weather conditions and warn its patrons to come in off the golf course). "Kansas courts have not applied § 323 to hold an actor liable for non-physical harm to persons or things." *Geiger-Schorr v. Todd*, 21 Kan. App. 2d 1, 8-9, 901 P.2d 515, 520 (1995). In this case, Capitol Business has not alleged physical harm or property damage, but instead has alleged mere economic harm. As such, Capitol Business's reliance on this principle as the source of a legal duty to impose tort liability is without merit.

In sum, Capitol Business has not directed the court's attention to any independent legal duty that would support tort liability for negligence. Its negligence claim is clearly predicated on duties imposed by contract, not by law. Accordingly, Konica Minolta's motion to dismiss this claim is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Konica Minolta Business Solutions U.S.A., Inc.'s Motion to Dismiss Counts V and VI of Plaintiff's Amended Complaint (doc. 29) is granted in part and denied in part as set forth above.

**IT IS SO ORDERED** this 14th day of July, 2008.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge