DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CAPITAL SOLUTIONS, LLC,**

       **Plaintiff,**

**vs.**                                **Case No. 08-2027-JWL-DJW**

**KONICA MINOLTA BUSINESS SOLUTIONS
U.S.A., INC., et al.,**

       **Defendants,**
_____

**BANK OF OKLAHOMA, N.A.,**

       **Plaintiff,**

**vs.**                                **Case No. 08-2191-KHV-DJW**

**CAPITAL SOLUTIONS, LLC.
a/k/a Capital Solutions, L.L.C. et al.,**

       **Defendants.**

## <u>ORDER TO SHOW CAUSE</u>

TO DEFENDANT LEE ULLMAN:

On August 29, 2008, counsel for Plaintiff Bank of Oklahoma, N.A. submitted to the Court a proposed Stipulated Protective Order, to which all of the parties in these two consolidated cases have agreed except for Defendant Lee Ullman. Plaintiff's counsel indicated that a copy of the proposed order had been e-mailed to Mr. Ullman for his review, but that Mr. Ullman had not responded.

The Court hereby directs Defendant Lee Ullman to show cause, in a pleading filed by **<u>September 12, 2008,</u>** why the parties' proposed Stipulated Protective Order, a copy of which is

attached to this Order, should not be entered.  If Defendant Ullman fails to file such a pleading by

**September 12, 2008**, the Court will enter the Stipulated Protective Order.

        **IT IS SO ORDERED**.

        Dated in Kansas City, Kansas on this 4th day of September 2008.


                          s/ David J. Waxse
                          David J. Waxse
                          U.S. Magistrate Judge

cc:      All counsel and *pro se* parties

#1328208 v2
106942-61365

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

**CAPITAL SOLUTIONS, LLC,**

               **Plaintiff,**

**vs.**                                      **Case No. 08-CV-2027-JWL-DJW**

**KONICA MINOLTA BUSINESS SOLUTIONS
U.S.A., INC., et al.,**

               **Defendants,**
_____

**BANK OF OKLAHOMA, N.A.,**

               **Plaintiff,**

**vs.**                                      **Case No. 08-CV-2191-KHV-DJW**

**CAPITAL SOLUTIONS, LLC.
a/k/a Capital Solutions, L.L.C. et al.,**

               **Defendants.**

**[PROPOSED]
<u>STIPULATED PROTECTIVE ORDER</u>**

Upon agreement of the Parties, and for good cause shown, IT IS SO ORDERED:

**PRELIMINARY STATEMENT**

These cases, consolidated for discovery purposes arise from a dispute between Plaintiff

Capital Solutions, LLC ("CSL") and Konica Minolta Business Solutions USA, Inc. ("Konica")

over the administration of business equipment leases and service agreements.  CSL provided fi-

nancing and Konica and Konica Minolta Business Solutions USA, Inc. provided the machines

and serviced the leases, including collecting the rent payments. The Bank of Oklahoma, N.A.

("BOK") filed a separate action against CSL suing on: three promissory notes that provided the

basis for the financing of the business equipment leases, foreclosure of security interests in the

collateral under a Loan Agreement, recovery for breach of contract, recovery for additional charges and taxes, and on the personal guaranties of the principals of CSL.  CSL filed an amended complaint against BOK alleging violations of 12 U.S.C. 1972, negligence, breach of fiduciary duty and other tort theories of recovery that are all the subject of a pending motion to dismiss filed by BOK.

Discovery has commenced and will involve extensive records of individual business machine leases, the business practices of CSL, BOK and Konica, business and personal financial records of all parties, trade secrets, including: customer lists and records, proprietary pricing and contractual terms, marketing strategies, and customer negotiations, records protected by state and federal privacy laws, internal proprietary and bank information and processes and related records.

## CONFIDENTIAL DOCUMENTS AND INFORMATION

1.     Certain documents and information to be produced by or obtained by the parties to the above-captioned action may contain information that is regarded by the party as proprietary or confidential business or financial information, or as nonpublic information of a sensitive, personal and private nature ("Confidential Documents or Information").  The categories of documents the parties seek to protect include financial records, any records protected by state and/or federal bank privacy laws, documents that reflect internal proprietary bank information or processes, such as credit or collateral analysis, review and approval or work-out, documents that contain the trade secrets and proprietary business practices of Konica, including: individual business machine leases, customer lists and records, proprietary pricing and contractual terms, marketing strategies, and customer negotiations, or other related records that the parties in good faith

#1328208 v2
106942-61365

believe to be confidential information. The provisions of this protective order only apply to the named categories of documents, information, items or materials specifically set forth herein.

2.      Any party may designate as "confidential" documents produced by such party or its agents in the course of pretrial discovery in this action by stamping or otherwise marking such documents at the time of production as "CONFIDENTIAL" (or similar wording) if such producing party believes in good faith that such documents are confidential within the meaning of Fed. R. Civ. Pro. 26.

3.      "Qualified Recipients" shall include only:

(a)     Counsel representing the parties who are involved in the prosecution or defense of this action and their support personnel;

(b)     Named parties to this action and those current or former officers, directors, and employees thereof assisting in the prosecution or defense of this action;

(c)     Experts assisting the parties in the prosecution or defense of this action;

(d)     Witnesses at trial, hearing or deposition in this action; and

(e)     Prospective witnesses that counsel reasonably believes may provide relevant information or testing in this action.

(f)     Court personnel and members of the jury

4.      "Qualified Purposes" shall include only prosecuting or defending this action.

5.      Confidential Documents or Information shall not be disclosed in whole or in part to any person other than a Qualified Recipient except as is set forth in this Order, and shall not be used for any purpose other than a Qualified Purpose. Qualified Recipients designated as (a) through (e) shall not be provided access to Confidential Documents and Information unless and until they have been supplied a copy of this and Order and have executed the Acknowledgment attached as Exhibit A.

#1328208 v2
106942-61365

## USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

6.      A party seeking to file confidential information must first file a motion with the court and be granted leave to file the particular document under seal.  A party filing a motion for leave to file documents under seal shall file that motion electronically, under seal, in the Electronic Filing System. The motion for leave to file under seal shall attach as sealed exhibits the document(s) the party wishes to be filed under seal. The party shall submit, via email to: KSD_<Judge'sLastName>_chambers@ksd. uscourts.gov, a proposed order. Finally, the party shall provide the motion and document(s) it wishes to be filed under seal to all other parties in the case. If the motion for leave to file under seal is granted, the assigned judge will enter electronically an order authorizing the filing of the document(s) under seal. The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in that case (and whose appearance has not been terminated) the ability to view sealed documents in that case (assuming this access has not previously been granted). The filing party shall then file its document(s) electronically under seal.

        If the motion for leave to file under seal is denied, the assigned judge will enter electronically an order denying the filing of the document(s) under seal.  Once access to sealed documents has been granted to an attorney in a case, it will be the responsibility of that attorney to notify the clerk's office if he or she is terminated from the case and the parties wish that terminated attorneys no longer have access to sealed documents in that case.

        Any document or transcript identified as Confidential Document or Information and not filed electronically shall be labeled on the outside of the sealed envelope as follows: "CONFIDENTIAL DOCUMENTS SUBJECT TO PROTECTIVE ORDER AND NOT TO BE OPENED WITHOUT COURT PERMISSION."

#1328208 v2
106942-61365

7.      Nothing shall prevent any party from generally referencing or describing a Confidential Document or Information in a pleading if the confidentiality of such information is not lost or otherwise compromised. If the specifics of the information must be discussed in a pleading, or if the general nature of the information itself is confidential, then such party shall also file the pleading under seal.

8.      During any deposition taken in this case, a deponent may be shown and examined upon Confidential Documents or Information if the deponent has prior knowledge of such information or if the deponent executes the Acknowledgment attached as Exhibit A. Counsel shall indicate on the record the intent to use or inquire regarding a Confidential Document or Information, and counsel for the witness or the witness shall indicate that an answer to a question will disclose information that is Confidential in accordance with the definition set forth above. Thereupon, all persons except Qualified Recipients, the court reporter and videographer shall be requested to leave the room where the deposition is proceeding until completion of the answer or answers concerning such Confidential Document or Information. The stenographer shall transcribe all such questions and answers designated as Confidential into a separate transcript, which shall bear the label "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER."

9.      If, at the hearing on any motion or other pretrial proceeding, a party intends to offer into evidence any Confidential Documents or Information, or information or testimony containing such information, that party shall so inform opposing counsel at least two (2) business days prior to such proceeding in order that counsel may take such steps as are deemed reasonably necessary to preserve the confidentiality of such document, testimony or information.

#1328208 v2
106942-61365

10.     Nothing contained herein shall prevent a party from using or disclosing its own documents, data or information, subject to any limitation thereon in written agreements between any of the parties.

11.     If at any time a party disagrees with a designation of a document, data or information as Confidential, the disagreeing party shall notify the designating party in writing of such belief and the reasons why the document or information is not entitled to Confidential or Sensitive treatment. The designating party shall within fifteen (15) days respond in writing of the reasons why the document or information is entitled to Confidential treatment, or consent to change the designation. If the parties are still in disagreement, either party may then apply to this Court for a ruling as to the designation. The Confidential status of any document or information for which such an application is submitted shall be maintained until the Court rules on the application.

12.     The designation of any document or information hereunder as Confidential does not create any presumption for or against such status for such document or information. The designating party shall at all times bear the burden of proof that the document or information is in fact entitled to protection. Nothing in this Order shall prevent any party from seeking to modify its terms or obtain relief from it, nor shall it require the production of documents or information that is privileged or otherwise protected from discovery.

13.     In the event a party seeks to introduce Confidential Documents or Information at trial, the party who designated the document or information as Confidential may move for an order that the evidence be received in camera or under such conditions that will prevent unnecessary disclosure.

#1328208 v2
106942-61365

14.     In the event a party inadvertently produces a document that is confidential without the identifying labels set forth above, such party shall immediately notify the other parties in writing and provide a copy of the document containing the appropriate label. Each party receiving the unmarked copy shall retrieve the unmarked document and all copies thereof, and return them to the producing party.

15.     At the conclusion of this action, any originals or reproductions of any Confidential Documents shall be returned to the producing party or its counsel. The clerk of the court is permitted to retain any documents filed in these consolidated cases pursuant to the policy of the clerk's office not to remove or destroy any documents filed in a case.  The terms of this Order shall continue to bind Qualified Recipients, except for court personnel and members of the jury, after this action is concluded.  The parties may seek leave to reopen the case to enforce the provisions of the protective order, if necessary.

16.     The attorneys of record in this case are responsible for taking all reasonable measures to control, consistent with the terms of this Order, the duplication or access to and distribution of copies of Confidential Documents and Information, and upon written request at the conclusion of the litigation, returning all such documents or information, or certifying their destruction.

IT IS SO ORDERED.

Dated this ____ day of September, 2008.

9

David J. Waxse
U.S. Magistrate Judge

Approved By:


Paulette F. Hutnick     KS #16342
Amii N. Castle KS # 18503
Douthit Frets Rouse Gentile & Rhodes LLC
903 East 104th Street, Suite 610
Kansas City, MO   64131
*Attorneys for Bank of Oklahoma*



Paul DeMuro OK # 17605
Dustin Vanderhoof OK # 21388
Frederic Dorwart, Lawyers
124 East Fourth Street
Tulsa, OK 74103
*Attorneys for Bank of Oklahoma*



Luther O. Sutter          AR #95031
Harrill & Sutter, PLLC
310 West Conway Street
Benton, AR 72015
*Attorney for Capital Solutions, LLC.,*
*Mike Breakey, Larry Seward, and Mike Earl*



Talia B. Ravis          KS #22212
Law Office of Talia Ravis
12120 State Line Rd. #189
Leawood, KS   66209
*Attorney for Capital Solutions, LLC.,*
*Mike Breakey, Larry Seward, and Mike Earl*


Brent N. Coverdale     KS #18798
Joseph H. Knittig      KS #18125
Seyferth Blumenthal & Harris LLC

#1328208 v2
106942-61365

300 Wyandotte St., Suite 430
Kansas City, MO  64105
*Attorney for Konica Minolta Business*
*Solutions U.S.A., Inc.*


H. John Schank, II      NJ #04531-1988
E. Evans Wohlforth, Jr.  NJ #029141994
Gibbons, PC
One Gateway Center
Newark, NJ  07102
*Attorney for Konica Minolta Business*
*Solutions U.S.A., Inc.*

#1328208 v2
106942-61365