**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| CAPITAL SOLUTIONS, LLC,       )<br>                                                          )<br>            Plaintiff,                       )<br>                                                          )<br>       v.                                             )<br>                                                          )<br>KONICA MINOLTA BUSINESS    )<br>SOLUTIONS USA, INC. and BANK )<br>OF OKLAHOMA, N.A.,                )<br>                                                          )<br>            Defendants.                    )<br>                                                          )<br>                                                          )<br>                                                          )<br>BANK OF OKLAHOMA, N.A.,       )<br>                                                          )<br>            Counterclaim and          )<br>            Cross-claim Plaintiff,    )<br>                                                          )<br>       v.                                             )<br>                                                          )<br>CAPITAL SOLUTIONS, LLC,        )<br>                                                          )<br>            Counterclaim Defendant, )<br>                                                          )<br>       and                                          )<br>                                                          )<br>KONICA MINOLTA BUSINESS    )<br>SOLUTIONS USA, INC. ,              )<br>                                                          )<br>            Cross-claim Defendant.   )<br>                                                          ) | Case No. 08-2027-JWL |

| | |
|---|---|
| **BANK OF OKLAHOMA, N.A.,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **CAPITAL SOLUTIONS, LLC, MIKE** ) <br> **BREAKEY, LARRY SEWARD, LEE** ) <br> **ULLMAN, and MIKE EARL,** ) <br> ) <br> Defendants. ) <br> ) | Case No. 08-2191-JWL |

# MEMORANDUM AND ORDER

These consolidated cases arise from a dispute between Capital Solutions, LLC and Konica Minolta Business Solutions USA, Inc. over the administration of business equipment leases and service agreements, and Capital Solutions' subsequent alleged default on loans from Bank of Oklahoma, N.A. This matter comes before the court on the Bank's motion in Case No. 08-2027 to strike Capital Solutions' demand for a jury trial (Doc. 76). For the reasons discussed below, this motion is denied.

## BACKGROUND

This lawsuit arises from a dispute over the administration of business equipment leases and service agreements. Konica Minolta is in the business of distributing copiers for sale to businesses. Capital Solutions provided financing for

2

and leased certain copiers to customers serviced by Konica Minolta. Konica Minolta was to bill and collect lease payments and other fees due to Capital Solutions from these customers. The complaint alleges that Konica Minolta failed to remit these payments collected on behalf of Capital Solutions in a timely manner, failed to make timely and diligent efforts to collect the payments, and failed to accurately account for payments collected on behalf of Capital Solutions. As a result, Capital Solutions alleges, its relationship with its financial institutions and customers has become strained and endangered, it has incurred interest costs and other expenses it would not otherwise have incurred, it has lost a banking relationship, its business expectancies have been destroyed, and it has lost value in the collateral. Based on these allegations, Capital Solutions asserts claims against Konica Minolta for accounting, breach of fiduciary duty, breach of contract, tortious interference with business relations, and fraud.[1]

---

[1] Capital Solutions also originally asserted a negligence claim against Konica Minolta, but the court dismissed that claim. *Capitol Bus. Solutions, LLC v. Konica Minolta Bus. Solutions USA, Inc.*, Case No. 08-2027-JWL, 2008 WL 2761307, at *5 (D. Kan. July 14, 2008). In the caption of that case, the court referred to plaintiff Capital Solutions, LLC as Capit*ol Business* Solutions, LLC because that is how Capital Solutions captioned its own name in its amended complaint. In considering the parties' memoranda, briefs, and other documents submitted in connection with the case, however, it appears that plaintiff's correct name (as was reflected in the original complaint) is Capital Solutions, LLC. *See also Capital Solutions, LLC v. Konica Minolta Bus. Solutions USA, Inc.*, Case No. 08-2027-JWL, 2008 WL 3538968, at *1 n.1 (D. Kan. Aug. 11, 2008).

Capital Solutions subsequently filed an amended complaint, adding the Bank of Oklahoma as a defendant and asserting claims against the Bank for breach of fiduciary duty and conversion.[2] According to the amended complaint, the Bank withdrew funds from Capital Solutions' account (without Capital Solutions' authorization) to pay an obligation of an entity by the name of Southwinds, LLC, "thereby converting these funds to its own benefit."

Furthermore, according to the amended complaint, the Bank essentially took over Capital Solutions' business in 2007 by instructing Capital Solutions not to take certain commercially-reasonable actions in order to assure that Konica Minolta was in fact servicing the leases in question in a timely and proper manner. For example, Capital Solutions asserts that the Bank instructed Capital Solutions to refrain from contacting the lessees, even though contact was necessary in order to prevent the lease base from deteriorating. Once the Bank undertook to instruct Capital Solutions in conducting its business, Capital Solutions maintains that a special relationship arose that created a duty to give timely and proper advice. The amended complaint alleges that the Bank's instructions were imprudent and breached the fiduciary duty created by its intrusion and takeover of Capital Solutions' business. As a result,

---

[2] Capital Solutions also asserted claims of negligence, breach of the duty of good faith, and a violation of 12 U.S.C. § 1972, but these claims were dismissed. *Capital Solutions*, 2008 WL 3538968, at *4-*6.

Capital Solutions contends that it suffered unnecessary fees, interest, loss of business expectancies, loss of profits, and a loss of value in the collateral.

Before receiving notice that it was a defendant in Capital Solutions' amended complaint, the Bank filed a complaint against Capital Solutions, initiating Case No. 08-2191. That case has been consolidated with Case No. 08-2027 for purposes of pretrial proceedings, and in its answer to Capital Solutions' amended complaint, the Bank raised as counterclaims many of the same claims included in its complaint in Case No. 08-2191. Specifically, the Bank alleges that Capital Solutions and its guarantors (four individuals named as defendants in Case No. 08-2191) entered into a loan agreement with the Bank for a revolving line of credit up to eight million dollars. In accordance with that agreement, the Bank made advances to Capital Solutions totaling nearly six million dollars, secured by three promissory notes. According to the Bank, Capital Solutions has failed to repay those three notes and has been operating while undercapitalized to avoid the Bank's demands on its assets. The Bank, then, has identified eight claims against Capital Solutions based on the three promissory notes and various aspects of the loan agreement.

Additionally, the Bank filed a cross-claim against Konica Minolta alleging conversion. Specifically, the Bank asserts that Konica Minolta retained lease payments for its own benefit instead of remitting them directly to the Bank.

Capital Solutions requested a jury trial on its claims against Konica Minolta and the Bank. The Bank, however, suggests that Capital Solutions waived its right to a jury trial on claims brought against the Bank.

## DISCUSSION

The right to a jury trial is a fundamental right, integral to the judicial system. *Christenson v. Diversified Builders Inc.*, 331 F.2d 992, 994 (10th Cir. 1964). It can, however, can be waived by agreement. *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988).

The Bank argues that it and Capital Solutions agreed in the loan agreement documents to waive a jury trial. The relevant paragraph of the agreement provides in part that "lender and borrower waive the right to a trial by jury in any action or proceeding based upon, or related to, the subject matter of this agreement." Based on that language, the Bank argues, this court should strike Capital Solutions' request for a jury trial.

Capital Solutions does not challenge the validity of the agreement or the waiver provision. It argues, however, that its claims are not "based upon or related to the subject matter of" the agreement, and so the waiver provision should not apply to its lawsuit against the Bank.

In a previous order, this court noted that "Capital Solutions' claims and allegations against the bank do not rest on the terms and conditions set forth in the[] loan documents." *Capital Solutions*, 2008 WL 3538968, at *3. This comment came within the discussion of which documents the court could properly consider in evaluating the Bank's motion to dismiss. *Id.* The Bank had attached to its motion the loan agreement documents in support of its arguments for dismissal. *Id.* The court noted that a defendant may properly attach to a motion to dismiss documents referred to in the complaint and central to the plaintiff's claim. *Id.* Here, however, the court refused to consider the loan documents, including the choice of law provision contained therein, because "plaintiff's claims against the bank are based on other legal theories, not the loan documents." *Id.* at *3 n.5.

Recognizing that this previous determination was made within the context of a motion to dismiss, the court will consider anew the question of whether, for the purposes of enforcing the jury waiver provision, Capital Solutions' claims against the Bank are "based upon or related to the subject matter" of the agreement. In doing so, the court relies on federal, rather than state, law. *Telum*, 859 F.2d at 837 ("The right to a jury trial in federal courts is governed by federal law.")

Given that the right to a trial by jury is a "vital and cherished right," courts should "indulge every reasonable presumption against waiver." *Christenson*, 331 F.2d at 994. Thus, federal courts "generally construe jury waivers narrowly."

7

*Paracor Finance, Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1166 n.21(9th Cir. 1996).

The Tenth Circuit has little case law interpreting jury waivers. Instead, this court will turn to Tenth Circuit decisions interpreting similarly-worded clauses in arbitration agreements (requiring arbitration, for example, of claims arising out of or related to a particular contractual arrangement). Although arbitration agreements are often broadly construed, *Brown v. Coleman Co.*, 220 F.3d 1180, 1184 (10th Cir. 2000), cases interpreting those provisions can provide guidance on how to evaluate the similar wording of the jury waiver provision at issue here.

In deciding whether certain claims relate to a particular document, courts look beyond the label attached to the claim. *P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999). Thus, tort claims can still relate to or arise out of a contract. *Id.* The key is whether the factual allegations underlying the claims arise from the parties' agreement. *Id.* (citing *Gregory v. Electro-Mechanical Corp.*, 83 F.3d 382, 384 (11th Cir. 1996)).

In *P&P*, for example, parties to a marketing agreement disagreed about whether one party's tortious interference with contract claim arose out of or related to the marketing agreement and thus was subject to arbitration. *Id.* at 870-71. The Tenth Circuit held that the tort-based claim did arise out of or relate to the agreement because the purported tortious interference was based solely on the other party's

8

actions as it terminated the agreement. *Id.* at 871-72. Thus, the tort claims depended on the same factual allegations as the breach of contract claim. *Id.*

In *AWF Hedged, Ltd. v. Kidder, Peabody, & Co.*, the Tenth Circuit concluded that the plaintiff's tort claims, including claims of conversion and breach of fiduciary duty, did not fall within the scope of an arbitration agreement because "[n]one of the[] claims . . . hinge[d] on the existence and or breach of a contract" between the parties. 1994 WL 446782, at *1 (10th Cir. Aug. 18, 1994) (unpublished).[3] Distinguishing a Seventh Circuit case in which the tort claims required proof of breach of contract, the Tenth Circuit found that "no proof of the existence of a contractual agreement between [the parties] is required" to prove the tort claims. *Id.* at *2 (distinguishing *Rao v. Rao*, 718 F.2d 219 (7th Cir. 1983)). Thus, the tort claims did not arise under the parties' agreement and were not subject to the mandatory arbitration provision. *Id.*

As recounted above, Capital Solutions' remaining claims against the Bank are for breach of fiduciary duty and conversion. As to the fiduciary duty claim, Capital Solutions alleges that the Bank took over its business and instructed it not to take certain actions, all for the Bank's own benefit in obtaining increased interest and late charges. *See also Capital Solutions*, 2008 WL 3538968, at *4. The conversion claim

---

[3] Pursuant to Tenth Circuit Rule 32.1(A), the court cites this unpublished opinion for its persuasive value.

is based on Capital Solutions' allegations that the Bank took its money to pay an obligation of another entity. *Id.* at *5. Neither of these claims depends on the loan agreement documents. Neither requires proof of the existence of or breach of the loan agreement. Thus, neither claim is based on or relates to the loan documents so as to fall within the jury waiver provision.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to strike plaintiff's demand for a jury trial (Doc. 76) is denied.

**IT IS SO ORDERED** this 22nd day of October, 2008.

                                         s/ John W. Lungstrum
                                         John W. Lungstrum
                                         United States District Judge